1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   KENNETH RAY FISHER,

11          Plaintiff,                    No. CIV S-05-2469 DFL JFM PS[1]

12      vs.

13   SACRAMENTO SHERIFF
     DEPARTMENT, et al.,
14
              Defendants.              ORDER
15   _____/

16          Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

18   pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

19          Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

20   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

21   forma pauperis will be granted.  28 U.S.C. § 1915(a).

22          The federal in forma pauperis statute authorizes federal courts to dismiss a case if

23   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

24   /////

25   _____

26      [1]  Because plaintiff is no longer incarcerated, the Clerk of the Court will be directed to
     change the docket to reflect that this case will proceed as a pro se case.

1  granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

2  § 1915(e)(2).

3          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

7  490 U.S. at 327.

8          A complaint, or portion thereof, should only be dismissed for failure to state a

9  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

10 of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

11 Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

12 v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

13 complaint under this standard, the court must accept as true the allegations of the complaint in

14 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

15 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

16 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17         Plaintiff names as defendants in his complaint the Sacramento County Sheriff's

18 Department, Sacramento County, Lou Blanas, and Officer O'Connor.  However, plaintiff made

19 no charging allegations against the Sacramento County Sheriff's Department, Sacramento

20 County, or Lou Blanas.  Additionally, the court finds the allegations in plaintiff's complaint

21 regarding Officer O'Connor to be so vague that it is unable to determine whether the current

22 action is frivolous or whether it state s a claim for relief.  Plaintiff did allege in his complaint that

23 he was assaulted by an officer, but did not state the identity of the officer, and did not clarify

24 whether that officer has been named as a defendant.

25         The court has determined that the complaint does not contain a short and plain

26 statement of the claim, showing that the pleader is entitled to relief, as required by Fed. R. Civ. P.

8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Plaintiff must also demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

Further, the amended complaint must allege in specific terms how each named defendant is involved.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, liability based on a theory of respondeat superior[2] is not cognizable in a § 1983 action.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);  Mosher v. Saalfeld, 589

---

[2]  Respondeat superior is the doctrine holding an employer or principal liable for the employee's or agent's wrongful acts committed within the scope of the employment or agency.

F.2d 438, 441 (9th Cir. 1978), <u>cert</u>. <u>denied</u>, 442 U.S. 941 (1979).  Liability may be imposed on a supervisor under section 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them or (3) the supervisor implemented a policy "so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (quoting <u>Thompkins v. Belt</u>, 828 F.2d 298, 303-04 (5th Cir. 1987).  A municipality may only be found liable under § 1983 for violation of an individual's constitutional rights when official policy "'causes' an employee to violate another's constitutional rights." <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 692 (1978). Consequently, plaintiff should only name as defendants in his amended complaint those persons directly involved in his actual claim, and should eliminate any persons or entities whom he has named as defendants solely on the theory of respondeat superior.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's March 28, 2006 motion to proceed in forma pauperis is granted;

2.  Plaintiff's December 6, 2005 complaint is dismissed;

3.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint";

4.  Plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed; and

5.  The Clerk of the Court is directed to change the nature of suit code to 440 civil rights and to add a pro se flag to the docket.

DATED: July 27, 2006.

UNITED STATES MAGISTRATE JUDGE

17/001
fish2469.14amd.new

5